## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

|  |  |  |
|---|---|---|
| Adele D. Penny | * | |
| | * | |
| Plaintiff | * | |
| | * | **Case No.** |
| vs. | * | |
| | * | |
| ShellPoint Mortgage Servicing | * | JURY TRIAL DEMANDED |
| PO Box 10826 | * | |
| Greenville, SC 29603-0826 | * | |
| | * | |
| And | * | |
| | * | |
| VM Trust Series 2 | * | |
| c/o   Wilmington   Trust,   National | * | |
| Association | * | |
| Rodney Square North | * | |
| 1100 North Market Street | * | |
| Wilmington, De 19890 | * | |
| | | |
| Defendants | | |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k

    (d).

2.  This action arises out of the Defendants' violations of the Fair Debt Collection Practices

    Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); violation of the Annotated Code of Maryland

    Business Regulation §7-101(c)(1)(ii); violations of the Consumer Protection Act ("MCPA")

    and violations of the Maryland Consumer Law Article § 13-303(4) by these Defendants in

    its illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff

    resides here, and Defendants transacts business here.

## PARTIES

4.    Plaintiff, **Adele D. Penny** (hereinafter "**Penny** or Plaintiff"), is an unmarried, natural person who resides at 8526 Stevenswood Road, Randallstown, MD 21244 and is a "consumer" as that term is defined by 15 U.S.C. §1692a (3).

5.    Defendant, Shellpoint Mortgage Servicing (hereinafter "**Shellpoint** or defendants") is a mortgage servicer, registered as a corporation in the State of Maryland, but not licensed as a collection company in the State of Maryland , operating from its principal address of 75 Beattie Place, Suite 300, Greenville, SC 29601 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

6.    Defendant, **VM Trust Series 2** ("VM Trust Series 2 or "defendants"), is a Delaware Statutory Trust, not registered as a corporation or licensed as a collection company, in the State of Maryland and is a debt collector as that term is defined by 15 U.S.C § 1692a (6).

## FACTUAL ALLEGATIONS

7.    On August 31, 2007, Plaintiff, incurred a financial obligation, and executed a document titled as a Refinance Deed of Trust ("RDOT") in favor of Equitable Trust Mortgage Corporation (hereafter called "**Equitable**") in the principal sum of $331,397.00 for the residential property located at 8526 Stevenswood Road, Randallstown, MD 21244 ('residence"). The RDOT was recorded in the land records of Baltimore County Circuit Court at liber 0026153 folio 402. A copy of the RDOT is attached hereto and is marked as **Exhibit "A"**.

8.    Also on August 31, 2007, the Plaintiff executed a **Note** with Equitable that was primarily for personal, family or household purposes. The Note contains 2 allonges. The first

allonge states on the last page; "PAY TO THE ORDER OF: Franklin American Mortgage Company, signed by Richard H. Sapp, President. The second allonge states on the last page; "PAY TO THE ORDER OF: JP Morgan Chase Bank, N.A., signed by Nicole Suter, Collateral/Support Team Leader. A copy of the Note is attached hereto and is marked as **Exhibit "B".**

9.  A Loan Modification Agreement (hereafter called "**Modification**") was executed on **July 26, 2011** between the Plaintiff and JP Morgan Chase Bank, N.A, ("JP Morgan") that was filed in Baltimore County Circuit Court on August 31, 2011 at liber 31133 folio 482. A copy of the Modification is attached hereto and is marked as **Exhibit "C"**.

10. Approximately three weeks later, on **August 17, 2011**, an Assignment of Deed of Trust (hereafter called "**ADOT-JP**") was executed from the Mortgage Electronic Registration System ("MERS") to JP Morgan and filed in the land records of Baltimore County Circuit Court on August 26, 2011 at liber 31133 folio 492. A copy of the **ADOT-JP** is attached hereto and is marked as **Exhibit "D"**.

11. An Appointment of Substitute Trustee (hereafter called "**AST1**"), was executed on **November 1, 2012,** wherein JP Morgan designated and appointed Diane S. Rosenberg, Mark Meyer, John A. Ansell, III, Kenneth Savitz and Stephanie Montgomery, as substitute trustees ("hereinafter "**SubTrust1**") was filed in the land records of Baltimore County Circuit Court, at liber 34310 folio 175 on October 8, 2013. A copy of the AST1 is attached hereto and is marked as **Exhibit "E"**.

12. Several years later, **May 11, 2015**, a written notice was mailed to the Plaintiff from Shellpoint that stated pursuant to the Maryland Code Real Property § 7-105-1 (c) the date of default on the Note was **November 2, 2011**. By acquiring the mortgage servicing

rights after default, Shellpoint, becomes a debt collector pursuant to 15 U.S.C § 1692a (6). The written notice also indicated that Wilmington Trust, National Association, not in its individual capacity but solely as trustee for **VM Trust Series 2**, a Delaware Statutory Trust was the name of the secured party. A copy of this notice is attached hereto and is marked as **Exhibit "F"**.

13. Approximately 6 weeks later on June 29, **2015**, the RDOT was assigned by Maryland Assignment of Deed of Trust (**"ADOT-Maryland 1"**) from the Secretary of Housing and Urban Development ("Secretary") to V Mortgage Acquisitions, LLC and filed in the land records of Baltimore County Circuit Court on **October 5, 2015** at liber 36725 folio 275. The Plaintiff asserts the **ADOT-Maryland 1** is not valid because the Note did not contain either a special indorsement to the Secretary or a signed in blank indorsement. Due to this, Secretary had not established they were the lawful owner or holder of the Note and had no authority to transfer ownership to **V Mortgage Acquisition, LLC.** A copy of the **ADOT-Maryland 1** is attached hereto marked as **Exhibit "G"**.

14. Approximately 1 month later a second Appointment of Substitute Trustees (hereafter called "AST2"), was executed on **July 21, 2015,** wherein New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing as Servicer for Wilmington Trust, National Association, not in its individual capacity but solely as trustee for VM Trust Series 2, a Delaware Statutory Trust, wherein Diane S. Rosenberg, Mark Meyer, John A. Ansell, III, Kenneth Savitz, Caroline Fields and Jennifer Rochino, ("hereinafter called "SubTrust2") (SubTrust2 includes Caroline Fields and Jennifer Rochino as substitute trustees, whereas Subtrust1 does not) were designated and appointed as substitute trustees and filed in the land records of Baltimore County Circuit Court, Maryland at liber 36580 folio 67 on

**August 25, 2015**. The Plaintiff asserts the AST2 is not valid because the Note did not contain either a special indorsement to VM Trust Series 2 or a signed in blank indorsement. Due to this absence, VM Trust Series 2 had no authority to appoint **SubTrust2.**. A copy of the AST2 is attached hereto and is marked as **Exhibit "H"**.

15. That on **August 25, 2015**, **SubTrust2** filed in the Circuit Court for Baltimore County, case # 03-C1-5009169, an Order to docket suit (hereinafter called "Order") regarding Residential Property at 8526 Stevenswood Road, Randallstown, MD 21244. Said Order included an invalid **Affidavit of Note Ownership** (hereinafter called "Affidavit") signed by New Penn Financial d/b/a Shellpoint Mortgage Servicing for Wilmington Trust, National Association not in its individual capacity, but solely as trustee for VM Trust Series 2, a Delaware statutory trust. The Plaintiff asserts that VM Trust Series 2 was not the holder of the Note and thus did not have standing because pursuant to Maryland Code Real Property § 7-105-1 (e) (1)(ii) 2 B, to enforce the RDOT in that the Note does not contain an allonge that reflects either a special indorsement to VM Trust Series 2 or a signed in blank indorsement and therefore the Affidavit is false. A copy of the Baltimore County Circuit Court docket and Affidavit are attached hereto and marked as **Exhibits "I" and "J"** respectively. Further, pursuant to the Business Regulations Article of the Annotated Code of Maryland Title 7, requires a person to obtain a license from the Maryland Collection Agency Licensing Board, which neither VM Trust Series 2 or Shellpoint did.

16. That on **September 21, 2015, the RDOT** was assigned by Assignment Deed of Trust (hereafter called "**ADOT-Maryland1**"} from **V Mortgage Acquisition, LLC** to VM Trust Series 2 and filed in the land records of Baltimore County Circuit Court on

**October 5, 2015** at liber 36725, folio 278. The Plaintiff asserts the ADOT-Maryland1 is not valid because the Note did not contain either a special indorsement to **V Mortgage Acquisition, LLC** or a signed in blank indorsement. Due to this absence, **V Mortgage Acquisition, LLC** had not established they were the lawful owner or holder of the Note and RDOT and had no authority to transfer ownership to VM Trust Series 2.   A copy of the ADOT-Maryland1 is attached hereto and is marked as **Exhibit "K"**.

17.     That on **February 26, 2016**, the RDOT was assigned by another subsequent Maryland Assignment Deed of Trust (hereafter called **"ADOT-Maryland2"**) from JP Morgan Chase Bank, National Association to **Secretary** and filed in the land records of Baltimore County Circuit Court on April 14, 2016 at liber 37391 folio 285. A copy of ADOT-Maryland2 is attached hereto and marked as **Exhibit "L"**.

18.     That on **July 8, 2016**, a Maryland Corrective Assignment Deed of Trust (hereafter called **"Corrective ADOT-Maryland"**) from JP Morgan Chase Bank, National Association to Secretary and filed in the land records of Baltimore County Circuit Court on August 15, 2016 at liber 37873 folio 68. A copy of the Corrective ADOT-Maryland is attached hereto and marked as **"Exhibit M"**.

19.     The residence was improperly foreclosed on **February 17, 2017** by New Penn Financial d/b/a Shellpoint Mortgage Servicing for Wilmington Trust, National Association not in its individual capacity, but solely as trustee for VM Trust Series 2. The proper Note owner pursuant to the allonges was JP Morgan. Neither VM Trust Series 2 nor Shellpoint was the holder and did not have standing to foreclose on the Plaintiff's residence. Further, pursuant to the Business Regulations Article of the Annotated Code of Maryland Title 7,

requires a person to obtain a license from the Maryland Collection Agency Licensing Board, which neither VM Trust Series 2 or Shellpoint did.

20.     Pursuant to a Purchaser's **Affidavit** dated **February 17, 2017**, the purchaser of the residence was V Mortgage REO2, LLC (hereinafter **"V Mortgage"**) for $209.130.56. The Plaintiff asserts V Mortgage cannot be the purchaser in that VM Trust Series 2 was not the holder and did not have standing to foreclose. Additionally, pursuant to the Business Regulations Article of the Annotated Code of Maryland Title 7, requires a person to obtain a license from the Maryland Collection Agency Licensing Board, which neither VM Trust Series 2 or Shellpoint did. A copy of the Purchaser's Affidavit is attached and marked as **Exhibit "N"**.

21.     On **February 24, 2017**, Shellpoint hand delivered and affixed to the Plaintiff's front door a letter to the Plaintiff that misleadingly indicated there is a new owner of her residence. At the time of this letter, V Mortgage was only a mere foreclosure sale purchaser as defined under the Maryland Code Real Property §7-105-10 (a)(3). Because the sale had not been ratified, this was dubious at best. A new owner with all applicable rights and remedies can only occur after proper notice the appropriate Circuit Court Judge executes a Final Order of Ratification. At the date of this letter (and this adversary), there was no Final Order of Ratification. A copy of the Letter is attached hereto and marked as **Exhibit "O"**.

22.     Plaintiff asserts a purported representative or agent for Shellpoint named Anna Yashnak (hereinafter **"Yashnak"**) called the Plaintiff by telephone multiple times after the letter was delivered offering the Plaintiff Six Thousand Dollars ($6,000.00) to vacate her residence within thirty (30) days. Because V Mortgage through its agent or representative

was only an unratified mere foreclosure sale purchaser, they mislead the Plaintiff and attempted to coerce her to accept monies in return for providing the defendants possession of her residence.

23. That on **March 24, 2017**, V Mortgage attorney filed a line requesting ratification. A copy of the Letter is attached hereto and marked as **Exhibit "P"**.

24. That on **July 13, 2017**, the Honorable Judge Mickey J. Norman, of the Circuit Court for Baltimore County, stated in his letter to the Defendant's counsel," First a copy of the Note has been filed, along with an affidavit stating that "Wilmington Trust, N.A. is the owner of the debt. See Docket Entry #2000, However, neither the Note nor an attached allonge, if applicable, includes either a special indorsement to this specific entry or a signed blank indorsement. Consequently, it is unclear whether the entity alleging ownership of the Note actually has the right to enforce such." A copy of the aforesaid letter and is attached hereto and marked as **"Exhibit "Q").**

25. The Plaintiff continues to suffer damages directly and proximately caused by the Defendant's unsafe and unsound debt collection practices related to the collection of the Plaintiff's debt.

26. Shellpoint has knowingly attempted to collect monies from the Plaintiff on behalf of VM Trust Series 2 without the requisite state license to do so. Since 2007, the law has been clear that collection agency or mortgage lender must have the requisite license to collect or attempt either directly or indirectly in the State of Maryland, Md. Code Regs. 09.03.06.20.

27. The Plaintiff was in default when the Defendant's took ownership of the Note began servicing the loan, which makes Shellpoint actions are violations of multiple provisions

of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e (2), 1692e (10), 1692f, and 1692f (1), amongst others.

28. The above-detailed actions by Defendants of harassing Plaintiff to collect this debt by foreclosure was a violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all of the above-mentioned provisions of the FDCPA in addition to the Maryland Code of Commercial Law Title 12.121

29. Plaintiff has suffered actual damages because of these illegal collection attempts by the Defendants in the form of attorney fees and emotional distress amongst other negative emotions.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33. As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant sand for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

### COUNT 2.

### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

## COUNT 3.

### VIOLATIONS OF THE MARYLAND CONSUMER LAW ARTICLE

#### § 13-303(4)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

## COUNT 4.

### VIOLATIONS OF THE MARYLAND BUSINESS REGULATION §7-101(c)(1)(ii)

Respectfully submitted,

Dated: February 2, 2018          **Grossbart, Portney and Rosenberg, P.A.**

**By: /s/Robert N. Grossbart**
Robert N. Grossbart, Esq.
Attorney I.D.#04116
1 North Charles Street, Suite 1214
Baltimore, Maryland 21201
Telephone:  (410) 837-0590
Facsimile: (410) 837-0085
Robert@grossbartlaw.com
**Attorney for Plaintiff**